NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 4 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES R. STEIN; CAROL A. STEIN, | No.   16-35249 |
| Plaintiffs-Appellants, | D.C. No. 3:14-cv-00432-CWD |
| v. | |
| CREEKSIDE SENIORS L.P., | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Idaho
Candy W. Dale, Magistrate Judge, Presiding[**]

Submitted September 26, 2017[***]

Before:    SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

James R. Stein and Carol A. Stein appeal pro se from the district court's

summary judgment in their action alleging claims under the Fair Housing Act

("FHA") and Rehabilitation Act.  We have jurisdiction under 28 U.S.C. § 1291.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review de novo. *DuBois v. Ass'n of Apartment Owners of 2987 Kalakaua*, 453 F.3d 1175, 1178 (9th Cir. 2006). We may affirm on any basis supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1057-59 (9th Cir. 2008), and we affirm.

Summary judgment was proper on the Steins' claim that defendant failed to accommodate Mr. Stein's disability in relation to the secondary exit because the Steins failed to raise a genuine dispute of material fact as to whether the secondary exit was related to Mr. Stein's disability. *See Dubois*, 453 F.3d at 1179 (elements of failure-to-accommodate claim).

The district court properly granted summary judgment on the Steins' claims that defendant otherwise failed to accommodate Mr. Stein's disability in relation to the no-smoking policy, written assignment of a parking space, and installation of HUD compliant reinforcements on a shower grab bar because the Steins failed to raise a genuine dispute of material fact as to whether their requests were reasonable or necessary. *See Giebler v. M & B Assocs.*, 343 F.3d 1143, 1155-57 (9th Cir. 2003) (discussing causation and reasonableness in an FHA request for accommodation).

The district court properly granted summary judgment on the Steins' retaliation claim under the FHA because the Steins failed to raise a genuine dispute

16-35249

of material fact as to whether defendant subjected them to an adverse action. *See Walker v. City of Lakewood*, 272 F.3d 1114, 1128 (9th Cir. 2001) (setting forth elements of a retaliation claim under the FHA).

The district court did not abuse its discretion in denying the Steins' motion to compel discovery because the Steins failed to establish that the denial resulted in actual and substantial prejudice. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth standard of review and explaining district court's broad discretion to deny discovery).

We reject as without merit the Steins' contention that the district court was biased.

The Steins "motion to transmit several physical exhibits" (Docket Entry No. 14) is denied.

**AFFIRMED.**

3

16-35249